907 F.2d 150
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard COTHRAN, Plaintiff-Appellant,
v.
JEFFERSON COUNTY CORRECTIONS DEPARTMENT; Richard Frey, Jr.;
Sgt. Les Trammell; Robert Collins; Unknown Officer (1);
Unknown Officer (2); Unknown Officer (3); Janice
Hutchinson, Defendants-Appellees.
 No. 89-6272.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1990.
 
 Before MERRITT, Chief Judge, and KEITH and NATHANIEL R. JONES, Circuit Judges.
 
 ORDER
 
 1
 Richard Cothran, a Kentucky state prisoner, appeals pro se from the summary judgment in favor of defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Cothran filed suit on May 31, 1989, against the Jefferson County Corrections Department and several of its employees, seeking declaratory relief and compensatory and punitive damages. The complaint alleged that on March 13, 1986, while in the custody of the defendants, plaintiff had been maced, kicked, and beaten and then denied medical attention, due to racial prejudice. Defendants filed an answer and motion for summary judgment arguing that the action was barred by the one year statute of limitations. Cothran responded by arguing that a five year statute of limitations should be applied. The district court accepted defendants' argument and granted summary judgment accordingly. On appeal, Cothran argues that the running of the statute of limitations was tolled by his incarceration. Defendants argue that Cothran waived his right to appeal on that ground by not raising it below.
 
 
 3
 Upon consideration, we conclude that the summary judgment in favor of defendants on the issue of the statute of limitations must be vacated, as a genuine issue of material fact pertinent to that issue remains unresolved. Cf. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Pursuant to Hardin v. Straub, 109 S.Ct. 1998, 2003 (1989), findings are needed concerning Ky.Rev.Stat.Ann. Sec. 413.310, which tolls the running of the statute of limitations during incarceration in a state penitentiary.
 
 
 4
 Although this court generally does not reach issues not raised below, it remains within this court's discretion to make exceptions to that practice. See Pinney Dock and Transport Co. v. Penn Cent. Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 109 S.Ct. 196 (1988). Moreover, we conclude that the issue here is the running of the statute of limitations, which was raised below by the defendants, and that the fact of tolling for incarceration apparent from the record and pertinent to that issue was not determined by the district court. Given plaintiff's pro se status, we conclude that his failure to argue this specific point is not grounds for refusing to consider all facts pertinent to the determinative issue in this case.
 
 
 5
 Accordingly, the district court's judgment is vacated and this case remanded for further proceedings consistent with this opinion. Rule 9(b)(6), Rules of the Sixth Circuit.